

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable O. P. Lockhart, Chairman
Board of Insurance Commissioners
Austin, Texas

Dear Sir:

       Opinion No. O-4718
       Re: Should the South Plains Co-
       operative Hospital Associa-
       tion of Amherst, Texas, come
       under the supervision of the
       Board of Insurance Commis-
       sioners under Article 4590a?
       And related questions.

    Your letter requesting an opinion of this depart-
ment regarding the above stated question reads as follows:

    "The South Plains Cooperative Hospital
Association of Amherst, Texas, was chartered
by the Secretary of State on May 10, 1940, with
the following purpose clause:

    "ARTICLE II
The purpose for which it is formed is:
(a) To buy, lease, or build any hospital
and/or clinic, and maintain such medi-
cal, surgical and dental staff as the
members may deem necessary for the ef-
ficient and modern treatment of its said
members and others;

    (b) For the members of said corporation
to provide for their hospital and med-
ical care, if needed, and each member
of said corporation, or any member of
his family, or any other person, if in
need of medical care, shall choose his
or her own physician from any member of
the staff, and the said corporation shall
not attempt to control the relation ex-
isting between any member of said corpora-
tion, or any other person, and his or
her physician;

(c) To employ only physicians on the staff who will not solicit nor employ, pay or promise to pay any person, firm or corporation to secure, solicit or drum patients or patronage, and discharge any member from the staff if any person has accepted or agreed to accept pay or employment for such securing soliciting or drumming for patients for said physician.

"ARTICLE VI of the charter provides in part as follows:

"The South Plains Cooperative Hospital Association shall not have any capital stock and shall not be operated for profit, but all of its operations shall be for the mutual benefits of its members.

"The Constitution and By-laws of the association vest control in a Board of Directors with power to acquire necessary property and equipment (Article III, Sec. 1), employ the necessary staff (Article III, Sec. 2), to admit or reject members (Article III, Sec. 4), determine the fees charged and the services rendered (Article III, Sec. 6 & 7). A membership fee of $50.00 is required of each applicant in addition to the annual dues required before a member is entitled to any services (Article IX, Sec. b), and a membership certificate is issued on payment of the membership fee (Article IX, Sec. e), said membership being for life and being subject to cancellation by the board upon refund of the initial cost (Article IX, Sec. n) and being transferable during life or at death (Article IX, Sec. h & m), and power is vested in the board to limit the number of memberships (Article IX, Sec. g).

"Accordingly the association built the South Plains Cooperative Hospital and now operates said hospital for the benefit of its members as well as non-members. Members are solicited by an agent who holds a permit from the Securities Division of the office of the

Honorable O. P. Lockhart, Chairman, Page 3

Secretary of State. Members who have paid the membership fee and the required annual dues, which vary from $12.00 to $25.00 for a family with additional costs for other dependents, receive the following services free: all examinations, doctors services, surgical operations, obstetric attention, and laboratory work, including all blood and urinal tests. Reduced charges are made to members for room, board, and general nursing care and operating room expenses. Materials and medicines used by the doctors must be paid for, and a member has the right to secure the services of any doctor on the staff free, or if he desires the services of some other doctor, he may have same at his own expense.

"Your attention is called to the following paragraph copied from the explanations made at the end of the Constitution and By-Laws printed form:

"The free service dues are like premiums for insurance against future sickness, therefore cases requiring a major surgical operation or hospitalization at the time of subscribing for free service for the first time will be taken care of by special arrangement with the hospital management. This also applies to obstetrical cases.

"We request first your opinion as to whether or not this association is engaged in the business of writing insurance so that it should come under the supervision of the Insurance Department.

"In this connection you are also advised that the association at this time does not have a permit or certificate of authority of any kind from this department, nor has same been applied for. However, the association has expressed to our examiner its willingness to come under the supervision of this department under Article

Honorable O. P. Lockhart, Chairman, Page 4

4590a if required to do so. If you answer the
first question in the affirmative, then we submit
this second question for your opinion.

"Could the association as presently consti-
tuted and operating come under the supervision
of this department under Article 4590a in view of
Sections 1 and 5 thereof?

"For your consideration with reference to both
of these questions we are enclosing herewith our
file on the matter, which includes

"(1) Copy of Charter No. 77099 of the association
"(2) Copy of Constitution and By-Laws of the
association
"(3) Copy of Membership Certificate
"(4) Literature of the association
"(5) Correspondence

"If it is your opinion that the association is
engaged in the business of writing insurance and that
it could come under the supervision of this department
under Article 4590a, we ask that you please return this
file to us, and we shall so advise the association and
give it an opportunity to comply with said article."

In answer to your first question it is our opinion
that said association is writing insurance. See opinion
No. O-4092, a copy of which is enclosed herewith. However
as presently constituted and organized this association can
not legally come under the supervision of the Board of In-
surance Commissioners. See opinion No. O-4480, a copy of
which is enclosed herewith.

We answer your second question in the negative.
See opinion No. O-4480.

The charter of the corporation under consideration
here was evidently issued under a misinterpretation of Article
4590a, V.A.C.S., which article does not authorize the granting
of a charter for the erection and maintenance of a hospital
but only authorizes the issuance of a charter "for the purpose
of establishing, maintaining and operating a non-profit

Honorable O. P. Lockhart, Chairman, Page 5

hospital service plan." Section 6 of Article 1302, V.A.C.S., is the proper section under which sanitariums may be incorporated. Section 2 of Article 1302, V.A.C.S., permits the creation of hospitals for benevolent and charitable purposes, however the association under consideration here would not be a charitable or benevolent one. The purpose clause of the corporation under consideration here discloses that it was not incorporated under either Section 6 or Section 2.

We are retaining this file for further investigation and further developments in the matter.

Very truly yours

ATTORNEY GENERAL OF TEXAS

APPROVED OCT 15, 1942

FIRST ASSISTANT
ATTORNEY GENERAL

By

Wm. J. Fanning
Assistant

WJF:AMM

ENCLOSURES


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN